IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Patrick Lawrence,  )<br>  )<br>          Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Captain Wilson, Corporal Jackson, Deputy  )<br>Brooks, Lt. Woods, Officer Bronxon, *and*  )<br>Officer Napier,  )<br>  )<br>          Defendants.  )<br>_____ ) | Civil Action No. 9:16-103-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendants' motion for summary judgment be granted. For the reasons set forth below, the Court adopts the Report and Recommendation and grants summary judgment for Defendants.

### I. Background

Plaintiff Patrick Lawrence, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 on January 8, 2016. At the time, he was an inmate in the Bamberg County Detention Center. He has since been released from custody and he currently resides in Georgia. He allege that while he was incarcerated in the detention center, his constitutional rights were violated because 1) lights in the jail cells were turned off at 10 p.m. despite his fear of the dark, 2) he was not housed in his preferred cell block, 3) the water in the showers was too hot, 4) the jail showers were moldy, 5) the jail has insufficient security checks, 6) the inmate intake process is inadequate, 7) he was denied access to mental health care professionals, and 8) he was not provided a follow-up visit with a physician regarding a spider bite. On June 6, 2016, Defendants moved for summary judgment. After

considerable briefing, the Magistrate Judge recommended Defendants' motion be granted on November 22, 2016. Plaintiff filed no objections.

## II. <u>Legal Standard</u>

### A.  **Report and Recommendation of the Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B.  **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in

favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

The Magistrate Judge thoroughly analyzed Plaintiff's claims under the applicable legal standards in a lengthy and detailed Report and Recommendation. Plaintiff has not objected to the Report and Recommendation, and the Court can find no error in it. Plaintiff seeks injunctive relief and monetary damages for unconstitutional conditions of confinement and deliberate indifference to medical needs. Plaintiff's claims for injunctive relief are moot because he is no longer incarcerated: "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). Plaintiff's claims for monetary damages for unconstitutional conditions of confinement and deliberate indifference to medical needs cannot survive summary judgment because Plaintiff has presented no actual evidence to support any claim that his constitutional rights were violated or that he suffered any injury from any purported constitutional violation. As extensively detailed in the Report and Recommendation, Defendant

offers only general and conclusory allegations and his own lay opinion regarding his own mental health. Without supporting evidence, such allegations cannot survive summary judgment. "'[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "Unsupported speculation is not sufficient to defeat a summary judgment motion," *id.*, nor is lay self-diagnosis of medical needs, *see Green v. Senkowski*, 100 F. App'x 45, 47 (2d Cir. 2004).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 61) as the Order of the Court and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 50).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 29, 2016
Charleston, South Carolina